# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LENNIE DARTEZ MATHIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-18-1173-G |
| RAYMOND BYRD, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court for review of the Report and Recommendation (Doc. No. 16) issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a state prisoner appearing pro se and proceeding *in forma pauperis*, brings this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. *See* Compl. (Doc. No. 1).

Judge Erwin has recommended that Plaintiff's action be dismissed on screening for failure to state a claim upon which relief can be granted. *See* R. & R. at 5; 28 U.S.C. § 1915A(b)(1). On March 27, 2019, Plaintiff filed a timely objection to the Report and Recommendation. *See* Pl.'s Obj. to R. & R. (Doc. No. 18). Plaintiff's objection triggers de novo review by this Court of those portions of the Report and Recommendation to which objection is made. *See, e.g.*, *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Issues or claims raised for the first time in an objection, however, are waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

I.   *Claims Against Cimarron Correctional Facility*

Judge Erwin correctly concluded that Plaintiff cannot state a claim against Cimarron Correctional Facility because it is not a "person" or "legal entity" capable of being sued. *See* R. & R. at 4-5 (collecting authorities). Judge Erwin recommends—and the Court agrees—that the claims against Cimarron Correctional Facility should be dismissed with prejudice to refiling.

II.   *Claims Against Employees of Cimarron Correctional Facility*

Judge Erwin further concluded that Plaintiff fails to state official-capacity claims against Defendants Byrd, Plourd, Hillagos, Dowell, and Munday because, as employees of a private prison (Cimarron Correctional Facility), they are not state officials. *See* R. & R. at 5-6 (collecting authorities). The Court agrees with Judge Erwin's recommendation that these claims be dismissed with prejudice to refiling.

III.   *Leave to Amend*

In his objection, Plaintiff acknowledges that he may have "mark[ed] the wrong [b]ox . . . that was marked official c[a]pacity" and asks the Court "to correct [his] unprofessional mistake." Pl.'s Obj. to R. & R. at 3. The Court construes this statement as a request for leave to file an amended complaint under Rule 15(a) of the Federal Rules of Civil Procedure and grants that request.

CONCLUSION

IT IS THEREFORE ORDERED that:

1.   The Report and Recommendation (Doc. No. 16) is ADOPTED;

2. Plaintiff's claims against Cimarron Correctional Facility and his official-capacity claims against Defendants Byrd, Plourd, Hillagos, Dowell, and Munday are DISMISSED WITH PREJUDICE;

3. In light of the dismissal of all pending claims, Plaintiff's Motion to be Transferred (Doc. No. 17) is DENIED; and

4. If he chooses, Plaintiff may file an amended complaint within 21 days from the date of this Order. Failure to file an amended complaint will result in dismissal of this action.

IT IS SO ORDERED this 30th day of April, 2019.

_____
CHARLES B. GOODWIN
United States District Judge