IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LENNIE DARTEZ MATHIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-18-1173-G |
| CORE CIVIC OF AMERICA, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Lennie Dartez Mathis, appearing *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983. (ECF No. 1). The Court dismissed the Complaint and Mr. Mathis has now filed an Amended Complaint. (ECF Nos. 19 & 21). United States District Judge Charles B. Goodwin has referred the Amended Complaint to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the Amended Complaint has been conducted pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). Based on that review, it is recommended that the Court **DISMISS** the Complaint in its entirety.

### I. SCREENING REQUIREMENT

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee and each case in which a plaintiff proceeds *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

## II. STANDARD OF REVIEW

The Court must accept Mr. Mathis' allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Since Mr. Mathis is proceeding *pro se*, his complaint must be construed liberally. *See id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct," then the plaintiff has not "nudged (his) claims across the line from conceivable to plausible." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and citations omitted).

Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal).*

### III. PLAINTIFF'S ALLEGATIONS/NAMED DEFENDANTS

The basis of Plaintiff's Amended Complaint concerns his incarceration at Cimarron Correctional Facility (CCF). (ECF No. 21:7). As Defendants, Plaintiff has named: (1) Damon Piminger, CEO of Core Civic of America (CCA), the company which operates CCF[1] and (2) CCA. (ECF No. 21:1, 4). Plaintiff sues Defendant Piminger in both his official and individual capacities. (ECF No. 21:4).

Mr. Mathis seeks liability against the Defendants because he had been improperly classified as an "active" gang member, which led to him being physically assaulted and

---

[1] *See* www.corecivic.com/facilities.

fearful for his safety. (ECF No. 21:7). Plaintiff argues violations of the Eighth and Fourteenth Amendments and seeks monetary relief. (ECF No. 21:6, 7).

## IV. DISMISSAL OF THE COMPLAINT

The Court should dismiss the Amended Complaint in its entirety.

### A. Claim Against Defendant CCA

A private actor such as CCA cannot be held liable under § 1983 solely based on the actions of its employees. *Smedley v. Corr. Corp. of Am.,* 175 F. App'x 943, 946 (10th Cir. 2005) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)); *see also Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003) (applying municipal direct-liability standard in § 1983 suit against private entity acting under color of state law and discussing inapplicability of vicarious liability); *Phillips v. Tiona,* 508 F. App'x 737 (10th Cir. 2013) (collecting § 1983 cases involving private prisons such as those operated by CCA). To state a claim upon which relief may be granted under § 1983 against CCA, Plaintiff must present factual allegations regarding: (1) an official policy or custom of CCA; (2) which caused a violation of Plaintiff's federal right(s); and (3) "was enacted or maintained with deliberate indifference to an almost inevitable" federal right(s) violation. *See Schneider v. City of Grand Junction Police Dep't,* 717 F.3d 760, 769–71 (10th Cir. 2013).

Mr. Mathis lists CCA as a defendant in the caption of his Amended Complaint and as a named defendant on page four, but he presents no factual allegations involving CCA in the body of the Amended Complaint. *See* ECF No. 21:1–10. Thus, having failed to allege sufficient facts to satisfy the required elements noted above, Plaintiff has failed to

4

state a claim upon which relief may be granted under § 1983 against CCA. *See Schneider,* 717 F.3d at 770–71. Accordingly, and because Plaintiff asserts no other theory of liability against that entity, the Court should dismiss Plaintiff's claims against CCA without prejudice. *See Anderson v. Corr. Corp. of Am.*, No. CIV-17-456-C, 2017 WL 2964733, at *2 (W.D. Okla. June 13, 2017) (dismissing, without prejudice, claims against CCA for failure to allege any factual allegations attributable to that entity), *report and recommendation adopted*, No. CIV-17-456-C, 2017 WL 2958628 (W.D. Okla. July 11, 2017).

### B. Official Capacity Claim Against Defendant Piminger

As stated, Plaintiff raises an official capacity claim against Defendant Piminger. (ECF No. 21:1, 4). But as an employee of a private prison, this Defendant is not a state official, and an official capacity claim cannot be asserted against him. *See Jones v. Barry*, 33 F. App'x 967, 971, n.5 (10th Cir. 2002) ("the CCA defendants are not state actors, and they do not have an "official capacity."); *Alamiin v. Patton*, No. CIV-13-1001-F, 2016 WL 7217857, at *6 (W.D. Okla. Dec. 13, 2016) ("As employees of a private prison, they are not state officials, and official capacity claims cannot be asserted against them."). Thus, the Court should dismiss the official capacity claim against Defendant Piminger with prejudice. *See Borrego v. Core Civic*, No. CIV-18-1044-D, 2019 WL 303013, at *1 (W.D. Okla. Jan. 23, 2019) (dismissing official capacity claims against private prison employees with prejudice).

### C. Individual Capacity Claim Against Defendant Piminger

Based on the foregoing recommendations, what remains is Mr. Mathis' individual capacity claim against Defendant Piminger.

To state a claim under 42 U.S.C. § 1983, a plaintiff must sufficiently plead personal involvement, causation, and state of mind. *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767 (10th Cir. 2013). Also, liability in a supervisory capacity may be found if a plaintiff demonstrates that any defendant: (1) promulgated, created, implemented, or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm and (3) acted with the state of mind required to establish the alleged constitutional deprivation. *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). To prove liability in a supervisory capacity, the plaintiff must also identify the specific policies over which the defendants possessed responsibility that led to the alleged constitutional deprivation. *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013).

In the Amended Complaint, Mr. Mathis states that a case manager had "somehow" reactivated his status as an "active" gang member, which has: (1) resulted in him being celled with his "x-gang" and (2) "gotten [him] into 3 fights[.]" (ECF No. 21:7). Plaintiff states that he has filed "[d]ozens on Dozens of Request[s] asking to be took-n [sic] off the gang list as active," and implies that these requests have been ignored. (ECF No. 21:7). But nowhere in the Amended Complaint does Mr. Mathis allege that Defendant Piminger was personally involved in either reactivating Plaintiff as an "active" gang member or ignoring his requests to be taken off of the "active" list. *See* ECF No. 21:1-10.

And nowhere in the Amended Complaint does Mr. Mathis allege that Defendant Piminger had promulgated, created, implemented, or possessed responsibility for the continued operation of a policy that caused Plaintiff's complained of constitutional harm. *See* ECF No. 21:1-10. As a result, the Court should dismiss the individual capacity claim against Defendant Piminger without prejudice.

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should: (1) dismiss the claim against CCA without prejudice; (2) dismiss the official capacity claim against Defendant Piminger with prejudice; and (3) dismiss the individual capacity claim against Defendant Piminger without prejudice.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **June 10, 2019**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on May 24, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE