# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LENNIE DARTEZ MATHIS,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Case No. CIV-18-1173-G |
| **RAYMOND BYRD, et al.,** | ) ) ) |
| **Defendants.** | ) |

## ORDER

This matter comes before the Court for review of the Report and Recommendation (Doc. No. 23) issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

Plaintiff, a state prisoner appearing pro se and proceeding *in forma pauperis*, brought this action under 42 U.S.C. § 1983 alleging violation of his constitutional rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. *See* Compl. (Doc. No. 1). On initial screening, Judge Erwin recommended dismissal of the Complaint for failure to state a claim upon which relief can be granted. *See* Report and Recommendation Dated 3/13/2019 (Doc. No. 16). By order dated April 30, 2019, the Court adopted Judge Erwin's recommendation to dismiss all claims but granted Plaintiff leave to amend. *See* Order Dated 4/30/2019 (Doc. No. 19). On May 17, 2019, Plaintiff filed an Amended Complaint, asserting claims against two different Defendants: (1) Core Civil of America ("CCA"), the company that operates the Cimarron Correctional Facility where Plaintiff is incarcerated; and (2) Damon Piminger, CEO of CCA. *See* Am. Compl. (Doc. No. 21).

Judge Erwin has recommended that Plaintiff's Amended Complaint be dismissed on screening for failure to state a claim upon which relief can be granted. *See* R. & R. (Doc. No. 23) at 1; 28 U.S.C. § 1915A(b)(1). On June 7, 2019, Plaintiff filed a timely objection to the Report and Recommendation. *See* Pl.'s Obj. to R. & R. (Doc. No. 24). Plaintiff's objection triggers de novo review by this Court of those portions of the Report and Recommendation to which objection is made. *See, e.g.*, *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Issues or claims raised for the first time, however, are waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## I. *Claims Against CCA*

Judge Erwin concluded that Plaintiff fails to state a claim against CCA because he "presents no factual allegations involving CCA in the body of the Amended Complaint." R. & R. at 4. Judge Erwin correctly noted that, as a private actor, "CCA cannot be held liable under § 1983 solely based on the actions of its employees." *Id.* (collecting authorities).

In his Objection, Plaintiff argues that "CCA is a corporation, just like any other owned and operated by a boss/CEO/or president." Pl.'s Obj. to R. & R. at 2. Plaintiff goes on to offer several examples of lawsuits in which for-profit corporations have been held liable in tort for the acts and omissions of their employees. *See* Pl.'s Obj. to R. & R. at 3-4. However, the lawsuits referenced by Plaintiff are distinguishable insofar as they did not involve claims asserted under 28 U.S.C. § 1983.

The Court agrees with Judge Erwin's recommendation to dismiss Plaintiff's claims against CCA without prejudice to refiling.

II. *Claims Against Damon Piminger*

With respect to Plaintiff's claims against Damon Piminger, Judge Erwin determined that: (1) Plaintiff fails to state an individual-capacity claim because there are no allegations that Piminger was "personally involved" in the alleged wrongdoing or that he "promulgated, created, implemented, or possessed responsibility for the continued operation of a policy that caused Plaintiff's complained of constitutional harm," R. & R. at 6-7; and (2) Plaintiff fails to state an official-capacity claim because, as an employee of a private prison, he is not a state official against whom such a claim can be asserted, *see id.* at 5 (collecting authorities).

In his Objection, Plaintiff acknowledges Piminger's lack of personal involvement in the alleged constitutional violation. *See* Pl.'s Obj. to R. & R. at 2 ("to say [P]iminger wasn't directly involved [is] correct"; "there is no policy that has Damon Piminger['s] name on it").[1] Plaintiff nonetheless insists that Piminger's status as CEO of CCA "mak[es] him respons[i]ble and in[]directly respons[i]ble for all CCA employees and actions of that corp[o]ration." Pl.'s Obj. to R. & R. at 2. Plaintiff again recounts lawsuits in which

---

[1] Plaintiff also suggests that the Court should refer to his original Complaint to find the necessary factual allegations against Piminger. *See* Pl.'s Obj. to R. & R. at 1 ("when I did my Amend[ed] Complaint I stated I was fil[]ing under the same issues and relief that was in the original 1983 so he 'Damon Piminger' falls upon those same complaints and al[le]gations"). However, Plaintiff's Amended Complaint supersedes the original Complaint, "render[ing] it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (internal quotation marks omitted).

3

corporate presidents and CEOs have been held liable in tort for the actions of their employees. *See* Pl.'s Obj. to R. & R. at 3-4. But again, the referenced lawsuits did not involve a claim asserted under 28 U.S.C. § 1983.

The Court agrees with Judge Erwin's recommendations to dismiss Plaintiff's individual-capacity claim against Piminger without prejudice to refiling and to dismiss Plaintiff's official-capacity claim against Piminger with prejudice to refiling.

CONCLUSION

It is therefore ORDERED that:

1. The Report and Recommendation (Doc. No. 23) is ADOPTED;

2. Plaintiff's claims against Defendant CCA as set forth in the Amended Complaint (Doc. No. 21) are DISMISSED without prejudice;

3. Plaintiff's official-capacity claims against Defendant Pimmiger as set forth in the Amended Complaint (Doc. No. 21) are DISMISSED with prejudice; and

4. Plaintiff's individual-capacity claims against Defendant Pimmiger as set forth in the Amended Complaint (Doc. No. 21) are DISMISSED without prejudice.

A separate judgment shall be entered.

IT IS SO ORDERED this 25th day of June, 2019.

CHARLES B. GOODWIN
United States District Judge